UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES M. ROYSDON, | ) |   |   |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:23-CV-264-KAC-JEM |
| CHIEF PORDER and MS STOKES, | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

Plaintiff James M. Roysdon, a prisoner housed in the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a pro se (1) Complaint under 42 U.S.C. § 1983 [Doc. 2] and (2) motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and **TRANSFERS** this action to the Nashville Division of the United States District Court for the Middle District of Tennessee.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion and supporting documents that he is currently unable to pay the fee in a lump sum [*See* Doc. 1]. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of his inmate trust account **shall** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent

(20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **shall** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**II.     VENUE**

The general venue statute for federal district courts provides, in relevant part:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Plaintiff's Complaint asserts claims (1) arising out of incidents that occurred in the TTCC and (2) against Defendants who are employed at the TTCC [Doc. 2 at 3-4].[1] The TTCC lies within Trousdale County, Tennessee, in the judicial district for the Nashville Division of the United States District Court for the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1); https://www.tnmd.uscourts.gov/divisions-court (last visited July 28, 2023). Therefore, the proper venue for this case is the Nashville Division of the Middle District of Tennessee.

A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). It is appropriate to do so here. Accordingly, the Court **DIRECTS** the Clerk to transfer this action to the Nashville Division of the Middle District of Tennessee, and to close this Court's file.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set forth above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy; and

5. The Court **DIRECTED** the Clerk to transfer this action to the Nashville Division of the Middle District of Tennessee, and to close this Court's file.

---

[1] Plaintiff failed to sign his Complaint [Doc. 2 at 5]. This violates Federal Rule of Civil Procedure 11(a), which requires a party who is not represented to personally sign every "pleading, written motion, and other paper." *See* Fed. R. Civ. P. 11(a).

3

**SO ORDERED**.

**ENTER:**

                                                    <u>s/ Katherine A. Crytzer</u>
                                                  KATHERINE A. CRYTZER
                                                  United States District Judge